# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4100 | **DATE** | 1/13/2011 |
| **CASE TITLE** | Glen Ellyn Pharmacy, Inc. vs. Meda Pharmaceuticals, Inc. et al. | | |

**DOCKET ENTRY TEXT**

Defendant Hal Lewis Group, Inc.'s motion to dismiss [66] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff Glen Ellyn Pharmacy, Inc. ("Glen Ellyn") filed a class action complaint alleging that defendants Meda Pharmaceuticals, Inc. and the Hal Lewis Group, Inc. ("HLG") are responsible for sending two, one-page unsolicited fax advertisements to Glen Ellyn and to a class of at least forty others. Glen Ellyn asserts claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Illinois Consumer Fraud Act ("ICFA"), 815 Ill. Comp. Stat. 505/2, and the common law for conversion. HLG has moved to dismiss the ICFA and conversion counts.

     To prevail under the ICFA, a party must show (1) an unfair or deceptive act by defendant, (2) defendant's intent that plaintiff rely on or be treated unfairly by the act, and (3) that the deception occurred in the course of conduct involving trade and commerce. 815 Ill. Comp. Stat. 505/2; *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill. 1996). To determine whether a practice is unfair under the ICFA, courts look to (1) whether the practice offends public policy, (2) whether it is immoral, unethical, oppressive, or unscrupulous, and (3) whether it causes substantial injury to consumers. *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960-61 (Ill. 2002). HLG argues that the sending of these faxes was not unfair within the meaning of the ICFA and that Glen Ellyn has not adequately pled an intent by defendants to treat Glen Ellyn unfairly.

     To prevail on its conversion claim, Glen Ellyn must show (1) an unauthorized and wrongful assumption of control, dominion, or ownership by defendant over plaintiff's property, (2) plaintiff's right to the property, and (3) plaintiff's right to immediate possession of the property, absolutely and unconditionally. *Gen. Motors Corp. v. Douglass*, 565 N.E.2d 93, 96-97 (Ill. App. Ct. 1990). HLG argues that it never exercised control over Glen Ellyn's property, and that the judicial doctrine of *de minimus non curate lex*, or "the law doesn't concern itself with trifles," prevents Glen Ellyn from asserting a conversion claim based on the loss of two sheets of paper and some ink.

| STATEMENT |
|---|

This court faced identical facts and identical arguments in another recent case.* In *R. Rudnick & Co. v. G.F. Protection, Inc.*, 08 C 1856, 2009 WL 112380 (N.D. Ill. Jan. 15, 2009), the court held that allegations that a defendant sent unsolicited faxes to Illinois consumers could state both ICFA and conversion claims. With respect to the ICFA claim, the court held that the sending of unsolicited faxes is an unfair practice because it (a) is against public policy, (b) is oppressive in that recipients have no way of avoiding the faxes and have no remedy once they arrive, and (c) can lead to substantial injury to consumers as a whole. *Id.* at *2-3. The court also held that an intent to treat the plaintiff unfairly need not be pled explicitly, because "[t]he ordinary consequence of an intentional action is generally deemed to have been intended." *Id.* at *4.

With respect to the conversion claim, the court held that a defendant need not actually control the property in order to convert it. It is sufficient that the paper and ink spent on the faxes is lost as a result of the defendant's actions. *Id.* at 5. And, finally, the *de minimus* doctrine does not prevent recovery for a conversion where the value of the property is minimal; the doctrine only applies where the degree of interference with the right of another to control the property is minimal. *Id.* at 6 (citing Restatement (Second) of Torts § 222A).

This court is not the only one to have faced these issues. Other courts in this judicial district have split over the questions presented by this motion. *Compare Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*, 09 C 1541, 2009 WL 2515594 (N.D. Ill. Aug. 17, 2009) (denying motion to dismiss ICFA and conversion claims based on allegations that defendant sent unsolicited fax advertisements); *Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*, 545 F. Supp. 2d 768 (N.D. Ill. 2008) (same); *Pollack v. Cunningham Fin. Group, LLC*, 08 C 1405, 2008 WL 4874195 (N.D. Ill. June 2, 2008) (same); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 WL 2224892 (N.D. Ill. May 27, 2008) (same), *with Garrett v. Ragle Dental Lab., Inc.*, 10 C 1315, 2010 U.S. Dist. LEXIS 78175 (N.D. Ill. Aug. 3, 2010) (granting motion to dismiss ICFA and conversion claims); *Padlo Sign & Display Co. v. Topsail Sportswear, Inc.*, 08 C 5959, 2010 U.S. Dist. LEXIS 3864 (N.D. Ill. Jan. 15, 2010) (same); *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929 (N.D. Ill. 2009) (same); *C.E. Design v. King Architectural Metals*, 09 C 2057 (N.D. Ill. July 21, 2009) (slip opinion) (same); *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610 (N.D. Ill. 2009) (same); *W. Ry. Devices Corp. v. Lusida Rubber Prods., Inc.*, 06 C 0052, 2006 WL 1697119 (N.D. Ill. June 13, 2006) (dismissing ICFA claim); *Rossario's Fine Jewelry v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976 (N.D. Ill. 2006) (dismissing ICFA and conversion claims).

Although several of these cases were decided subsequent to this court's decision in *R. Rudnick*, the court is confident that its opinion adequately addressed the issues raised by the courts which reached the opposite conclusion. The court sees no reason to reject its reasoning in *R. Rudnick*. Accordingly, HLG's motion to dismiss is denied.

---

\* In its reply brief, HLG raises the additional argument that the ICFA and conversion claims may be dismissed because they are duplicative of the TCPA claim. New arguments should not be raised in reply. *Marie O. v. Edgar*, 131 F.3d 610, 614 n.7 (7th Cir. 1997). Glen Ellyn has not had an opportunity to respond to the argument, and the court will not address it.