*mh*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEDA PHARMACEUTICALS, INC., ) <br> THE HAL LEWIS GROUP, INC., and ) <br> JOHN DOES 1-10, ) <br> ) <br> Defendants. ) <br> _____) <br> THE HAL LEWIS GROUP, INC., ) <br> ) <br> Third Party Plaintiff ) <br> ) <br> v. ) <br> ) <br> INTELLISPHERE, LLC d/b/a PHARMACY ) <br> TIMES and SK&A INFORMATION ) <br> SERVICES, INC. ) <br> ) <br> Third Party Defendant ) <br> _____) <br> INTELLISPHERE, LLC d/b/a PHARMACY ) <br> TIMES, ) <br> ) <br> Fourth Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ODYSSEY SERVICES, INC., ) <br> ) <br> Fourth-Party Defendant. ) | Case No. 09 CV 4100 <br><br> Judge Joan B. Gottschall |

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the Motion of Plaintiff, Glen Ellyn Pharmacy, Inc. for Preliminary Approval of Class Settlement and Notice to the Class, the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. The Court finds that, upon preliminary review, the proposed Settlement Agreement ("Agreement") (Exhibit A to Plaintiff's Motion) appears to be fair, reasonable and adequate to the Settlement Class and grants preliminary approval to it, pending a final hearing as provided herein.

2. For the purposes of settlement only, the Court preliminarily certifies a class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as:

> (a) all persons and entities (b) who, on or after June 4, 2005 and before June 24, 2009 (the period spanning the dates four years before and 20 days after the action was filed) (c) were sent faxes promoting Meda Pharmaceutical Inc.'s goods or services for sale and (d) whose names or fax numbers are listed on the spreadsheet of fax numbers that SK&A sent to Odyssey on or about May 4, 2009 (file name "om213596_4-17-2009_final.xls"), and, if different from the preceding persons, who are the owners of the fax machines to which the faxes were sent.

3. The Court preliminarily finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes in that:

   (a) there are thousands of members of the class, such that the class is so numerous that joinder is impracticable;

   (b) the claims of the class representative are typical of those of the other members of the class;

   (c) there are questions of fact and law that are common to all members of the class; and

   (d) the class representative will fairly and adequately protect the interests of the class and has retained counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the class.

4. The Court preliminarily finds this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes because (i) a settlement class is

superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the settlement class predominate over any questions affecting only individual members.

5. Plaintiff, Glen Ellyn Pharmacy, Inc. is appointed as class representative.

6. Edelman Combs Latturner & Goodwin LLC is appointed as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

7. Pursuant to Federal Rules of Civil Procedure 23, a final hearing on the fairness, reasonableness and adequacy of the Settlement Agreement and whether final approval shall be given to it will be held before this Court on **October 23, 2013 at 9:30 a.m**. for the following purposes:

(a) to finally determine whether this action satisfies the criteria for class certification set forth in Federal Rule of Civil Procedure 23(a) and (b);

(b) to determine whether the proposed settlement is fair, reasonable and adequate to the Settlement Class and should be granted final approval by the Court;

(c) to determine whether a final judgment should be entered dismissing the direct, cross, counter and third-party claims of Meda Pharmaceuticals Inc., The Hal Lewis Group, Inc., Pharmacy & Healthcare Communications, LLC, d/b/a/ Pharmacy Times, SK&A Information Services, Inc., Plaintiff and the Settlement Class with prejudice (expressly excluding any and all cross, counter and/or third-party claims against Odyssey Services, Inc.), as required by the Settlement Agreement;

(d) to consider the application of Plaintiff's counsel for an award of attorneys' fees and expenses, and for individual settlement awards to the class representative;

(e) to hear any objections to the certification of the Settlement Class, the proposed settlement, and/or the award of attorney's fees, expenses, and incentive award; and

(f)   to rule upon other such matters as the Court may deem appropriate.

8. The Court approves the proposed form of notice to be delivered by Class Counsel via facsimile (*Docket No. 226-2*) and supplemental mail (*Exhibit B* to Plaintiff's Motion) as needed to the last known fax number and address of the class members as shown on Defendants' records. Class Counsel will arrange to deliver notice to class members on or before **August 5, 2013** and, upon this Court's entry of an Order Granting Final Approval of Class Settlement, Class Counsel will arrange for payments to be distributed pursuant to Paragraph 11 of the Settlement Agreement.

9. The Court finds that the Settlement Agreement's plan for notice to the proposed class members is the best notice practicable under the circumstances and is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

10. Any class members who seek to receive consideration provided under the settlement must timely return the claim form which will be provided with the Notice, by **October 4, 2013**, as provided for in the notice. Any class members who seek to be excluded from the settlement by opting out must submit a request for exclusion to Class Counsel by **October 4, 2013**, as provided for in the notice.

11. Class members shall have until **October 4, 2013** to enter an appearance or object to the proposed settlement. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and mail a copy to Class Counsel and defense counsel shown below by **October 4, 2013**, at the following addresses:

For the Court:
Office of the Clerk
U.S. District Court for the Northern District of Illinois
Eastern Division,
219 S. Dearborn Street,
Chicago, IL 60604

| For Class Counsel: | For Defense Counsel |
|---|---|
| Ms. Julie Clark, Esq. | Peter E. Pederson, Esq. |
| Edelman, Combs, Latturner & Goodwin, LLC | Hinshaw & Culbertson LLP |
| 120 South LaSalle Street, Suite 1800 | 222 North LaSalle Street, Suite 300 |
| Chicago, IL 60603 | Chicago, IL 60603 |

Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. Any objector who desires to appear and be heard at the fairness hearing must indicate his or her intent to do so in writing at least five (5) business days prior to the date of the fairness hearing, either as part of the objector's written objection or by separate filing with the Court. Class Counsel and the defense counsel shown above must send counsel for the other defendants a copy of any objection they receive within two business days of receipt.

12.  Plaintiff, by and through Class Counsel, may file memoranda in support of final approval of the Agreement prior to the fairness hearing. Any submissions must be filed no later **October 14, 2013**.

13.  Defendants shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), no later than **July 12, 2013**. The Court finds that defendants may satisfy the notice requirements of CAFA by delivering notice of this settlement to the United States Attorney General and the Attorneys General of the 50 states.

14. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement until such time as the Court grants final approval of this class action settlement and dismisses this case with prejudice.

**BY THE COURT:**

_____
Honorable Joan B. Gottschall
United States District Court

DATED: **July 2, 2013**