IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| MEDA PHARMACEUTICALS, INC., THE HAL LEWIS GROUP, INC., and JOHN DOES 1-10, | ) ) ) ) | Case No. 09 CV 4100 |
| Defendants. | ) ) ) | Judge Joan B. Gottschall |
| THE HAL LEWIS GROUP, INC., | ) ) | Magistrate Judge Keys |
| Third Party Plaintiff | ) ) | |
| v. | ) ) | |
| INTELLISPHERE, LLC d/b/a PHARMACY TIMES and SK&A INFORMATION SERVICES, INC. | ) ) ) ) | |
| Third Party Defendant | ) ) | |
| INTELLISPHERE, LLC d/b/a PHARMACY TIMES | ) ) ) | |
| Third Party Plaintiff | ) ) | |
| v. | ) ) | |
| ODYSSEY SERVICES, INC. | ) ) ) | |
| Third Party Defendant | ) | |

### ORDER FINALLY APPROVING THE SETTLEMENT

On July 2, 2013, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff, on its own behalf and on behalf of the Settlement Class (as defined below), and the Settling Defendants, as memorialized in the Settlement Agreement (the "Settlement Agreement").

On November 6, 2013, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. **No** persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendants, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive

3. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

(a) all persons and entities (b) who, on or after June 4, 2005 and before June 24, 2009 (the period spanning the dates four years before and 20 days after the action was filed) (c) were sent faxes promoting Meda Pharmaceutical Inc.'s goods or services for sale and (d) whose names or fax numbers are listed on the spreadsheet of fax numbers that SK&A sent to Odyssey on or about May 4, 2009 (file name "om213596_4-17-2009_final.xls"), and, if different from the preceding persons, who are the owners of the fax machines to which the faxes were sent.

5. The Court finds that certification solely for purposes of settlement is appropriate in that (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. Glen Ellyn Pharmacy, Inc. is designated as representative of the Settlement Class.

7. Daniel A. Edelman and Julie Clark of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Settlement Class Counsel.

8. The certification of the Settlement Class is non-precedential and without prejudice to Defendants' rights if the Settlement Agreement and this Order Finally Approving the Settlement do not become effective as provided in the Settlement Agreement.

## Class Notice

9. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best

notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member on the Fax List whose identity could be identified through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Notice (excluding the claim form) on their firm's website, www.edcombs.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit. A total of 9,270 valid claim forms were submitted.

### Objections and Opt-Outs

11. No objections were filed by Class Members.

12. The Court finds that all claims submitted to and received by Class Counsel through and including the date of the fairness hearing, November 6, 2013, shall be deemed valid and timely. A total of 2 entities have validly requested exclusion from the Settlement Class. The entities that have validly opted out of the settlement are:

    a) Fred's Family Pharmacy

    b) Belmont's Drug Store

### Class Compensation

13. In accordance with the terms of the Settlement Agreement, the Settling Defendants or their counsel will deposit the $2,400,000.00 Settlement Fund into a trust account for the benefit

of the Settlement Class Members pursuant to the procedures set forth in paragraphs 11 and 12 of the Settlement Agreement.

### Releases

14. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in paragraph 14 of the Settlement Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

15. The Court has considered Settlement Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $800,000.00 as an award of attorney's fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable. Settlement Class Counsel is also awarded the sum of $16,980.16 as reasonable costs incurred in providing notice to the Class and in administering the Settlement Fund. These costs have been sufficiently supported and shall be paid from the Settlement Fund.

16. The Court grants Settlement Class Counsel's request for an incentive award to the class representative and awards $10,000.00 to Glen Ellyn Pharmacy, Inc. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund.

### Other Provisions

17. Notice of the proposed settlement was sent to the Attorney General of the United States as well as the Attorney General of each state and/or territory in which Class Members reside, in compliance with 28 U.S.C. §1715 making final approval appropriate at this time. The Court finds that the notice provided by defendants meets the requirements of 28 U.S.C. §1715(b).

18. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

19. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

20. The Court orders Defendants or their counsel to deliver the Settlement Fund to Class Counsel within three business days of the Effective Date. If the order of Final Approval is withdrawn or vacated by this Court or reversed on appeal, Settlement Class Counsel shall return any portion of the Settlement Fund that was distributed, less costs incurred by Settlement Class Counsel to notify the Class Members of the Settlement Agreement, to counsel of record for Defendant Meda Pharmaceuticals, Inc. within three business days, who will thereafter return the respective Settling Defendants' settlement contribution(s) to counsel of record within three business days following Settlement Class Counsel's return of the Settlement Fund to counsel for Meda.

21. The parties will designate a *cy pres* recipient at a later date should any unclaimed funds remain. Settlement Class Counsel or their Administrator shall provide and distribute a check payable to this charity.

22. Settlement Class Counsel or their Administrator shall file an affidavit of final accounting of the settlement by **May 7, 2014.**

## Dismissal of Claims

23. The Court hereby dismisses with prejudice: (a) the claims of Plaintiff Glen Ellyn Pharmacy, Inc. and the Settlement Class members against Meda Pharmaceuticals, Inc. ("Meda"), The Hal Lewis Group, Inc. ("HLG"), Pharmacy & Healthcare Communications, LLC d./b/a Pharmacy Times (incorrectly sued as Intellisphere, LLC) ("Pharmacy Times"), SK&A Information Services, Inc. ("SK&A"), and Odyssey Services, Inc. ("Odyssey"), and each of them; (b) the third-party claims of HLG against Pharmacy Times and SK&A; (c) the cross claims of Meda against HLG; and (d) the cross claims of Pharmacy Times and SK&A against each other.

24. Pursuant to Rule 54(b), the Court directs entry of final judgment as to the claims described in ¶23. The Court expressly determines that there is no just reason for delay as to those claims.

25. This order does not apply to or result in the dismissal of the third-party claims asserted by Pharmacy Times against Odyssey.


ENTER:

Dated: _Nov. 18, 2013_

_____
United States District Judge